UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CERVANTES ORCHARDS & VINEYARDS, LLC, a Washington limited liability corporation; CERVANTES NURSERIES, LLC, a Washington limited liability corporation; CERVANTES PACKING & STORAGE, LLC, a Washington limited liability corporation; MANCHEGO REAL, LLC, a Washington limited liability corporation; JOSE G. CERVANTES and CYNTHIA C. CERVANTES, individually, and upon behalf of their community property marital estate; <br><br> Plaintiffs, <br><br> v. <br><br> DEERE & COMPANY, a corporation; DEERE CREDIT, INC., a corporation; JOHN DEERE CAPITAL CORPORATION, a corporation; JOHN DEERE FINANCIAL FSB, a corporation formerly known as FPC Financial; DEERE CREDIT SERVICES, INC., a corporation; NORTHWEST FARM CREDIT SERVICES, a corporation; AMERICAN WEST BANK, a corporation; SKBHC HOLDINGS, LLC, a Washington limited liability | NO:  1:14-CV-3125-RMP <br><br> ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO DISMISS |

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO DISMISS ~ 1

1  corporation; T-16 MANAGEMENT
   CO, LTD, A Washington corporation;
2  GARY JOHNSON and LINDA
   JOHNSON, individually and upon
3  behalf of their community property
   marital estate; NW MANAGEMENT
4  REALTY SERVICES, INC, a
   Washington corporation also known as
5  Northwest Farm Management
   Company; and ROBERT WYLES and
6  MICHELLE WYLES, individually and
   upon behalf of their community
7  property marital estate,

8                        Defendants.

9        Before the Court is Defendant Northwest Farm Credit Services' ("NFCS")

10  Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 75.  The Court

11  has reviewed the record and is fully informed.

12                        BACKGROUND

13       Plaintiffs constitute a farming group that grows crops including apples,

14  pears, grapes, and cherries.  ECF No. 74 at 4.  Plaintiffs assert that multiple

15  defendants engaged in a broad scheme of misconduct involving racketeering,

16  extortion, fraud, and civil rights violations.  *See* ECF No. 74 at 17-24.  Against

17  Defendant NFCS, however, Plaintiffs' assertions are much narrower.

18       On or about January 11, 2010, Plaintiffs applied for three loans from NFCS,

19  seeking a total of approximately $14 million dollars.  ECF No. 74 at 16.  NFCS

20  rejected the loan application on January 26, 2010.  ECF No. 74 at 16.

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO
DISMISS ~ 2

1  "[I]mmediately following receipt of the denial letter, [Plaintiff] Jose G.

2  Cervantes personally appeared at NFCS offices and specifically asked [NFCS

3  employee Mandy] Minick the reasons for the denial."  ECF Nos. 74 at 16; 75 at 2.

4  Mr. Cervantes explained that Plaintiffs had substantial equity to secure the loan,

5  but Plaintiffs allege that Ms. Minick responded:  "You people don't pay."  ECF

6  No. 74 at 16 (emphasis omitted).

7      Plaintiffs Jose Cervantes and Cynthia Cervantes assert that NFCS

8  discriminated against them because of their racial and ethnic status, in violation of

9  42 U.S.C. §§ 1981, 1982, 1985(3), and 1986.  *See* ECF No. 74 at 24.  Plaintiffs

10  further specify "that NFCS engages, and continues to engage, from 1998 to the

11  present time, in discriminatory practices intended and directed towards Hispanic-

12  American farmers operating within Eastern Washington."  ECF No. 74 at 16.

13                          ANALYSIS

14      NFCS moves to dismiss with prejudice all of Plaintiffs' causes of action

15  against it, arguing that the claims are barred by statutes of limitations.  ECF No.

16  75.  Plaintiffs respond that it is inappropriate to raise an affirmative defense, such

17  as the defense that an action is time-barred, in a motion to dismiss and that

18  authority would not support application of that defense even if it properly were

19  raised.  ECF No. 86.

20

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO
DISMISS ~ 3

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO DISMISS ~ 4

Here, NFCS argues that Plaintiffs' claims are barred by the respective

statutes of limitations that apply to actions under 42 U.S.C. §§ 1981, 1982,

1985(3), and 1986.  ECF No. 75 at 5.  The parties do not dispute that a four-year

statute of limitations governs Plaintiffs' claim brought under § 1981.  *See Jones v.*

*R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-85 (2004) (discussing 28 U.S.C. §

1658).[1]  Washington's three-year statute of limitations for personal injury actions,

RCW 4.16.080(2), governs claims brought pursuant to 42 U.S.C. § 1985(3).  *See*

*Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (per curiam)

(applying California's analogous statute of limitations).  The same rule controls

§ 1982 claims.  *See Mitchell v. Sung*, 816 F. Supp. 597, 600 (N.D. Cal. 1993)

("Because section 1982 does not have a statute of limitations, courts apply the

---

[1] Section 1658's four-year statute of limitations applies to actions brought under federal statutes that were enacted after December 1, 1990. *Jones*, 541 U.S. at 371.  In *Jones*, the Court explained that § 1658 applies to claims that were made possible by an amendment to § 1981 that occurred after December 1, 1990.  *Id.* at 383.  Racial harassment in employment is an example of a § 1981 claim that was not possible under the pre-1990 version of the section.  *See id.*  Some § 1981 claims, however, instead remain subject to the most analogous statute of limitations under state law.  *See, e.g.*, *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 n.2 (9th Cir. 2008) (applying forum state's statute of limitations to failure-to-hire claim, which was cognizable under pre-1990 version of § 1981).  The applicable statute of limitations under Washington State law would be the three-year limitation for a lawsuit alleging personal injury, RCW 4.16.080(2).  *See Beauregard v. Lewis Cnty., Wash.*, No. C05-5738RJB, 2006 WL 2924612, at *8 (W.D. Wash. Oct. 10, 2006) (citing *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993)).  The parties do not address whether Plaintiffs' § 1981 claim would have been cognizable under the pre-1990 version of the law.  However, because the parties do not dispute that the federal four-year statute of limitations applies and because the issue does not affect the Court's decision, the Court assumes, for purposes of this motion, that the longer statute of limitations is applicable.

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO DISMISS ~ 5

1  applicable state statute of limitations.").  A one-year statute of limitations applies

2  to claims under § 1986.  42 U.S.C. § 1986.

3        Although the relevant state statute of limitations applies to some of

4  Plaintiffs' civil rights claims, federal law determines when a civil rights claim

5  accrues, *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)

6  (citing *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000)).

7  Federal law provides that "a claim accrues when the plaintiff knows or has reason

8  to know of the injury which is the basis of the action."  *TwoRivers v. Lewis*, 174

9  F.3d 987, 991 (9th Cir. 1999).  Accrual begins on the date on which a plaintiff

10  becomes aware of an adverse action, not when a plaintiff suspects that a legal

11  wrong has been committed.  *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d

12  1044, 1049-50 (9th Cir. 2008).

13        Here, Plaintiffs' claims against NFCS began to accrue when they received

14  NFCS's letter dated January 26, 2010, denying their loan application.[2]  Generously

15  granting Plaintiffs four weeks of time to receive the letter in the mail, Plaintiffs' §

16  1981 claim, which is subject to a longer statute of limitations than their other

17  claims against NFCS, ran on February 28, 2014.  Plaintiffs did not file their

---

18

19  [2] The Second Amended Complaint ambiguously alleges "that on 26 January 2010, via letter
transmitted to Plaintiff the Plaintiffs' loan application was rejected."  ECF No. 74 at 16.
Whether Plaintiffs received the letter on January 26, 2010, or whether that is the date on which

20  the letter was drafted, is uncertain.  Construing the facts in the light most favorable to Plaintiffs,
the Court assumes that the letter was mailed on January 26 and that additional time elapsed
before Plaintiffs received the letter.

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO
DISMISS ~ 6

Complaint until September 2, 2014, approximately four years and six months after

they became aware that NFCS had denied their loan application.  *See* ECF No. 1.

Plaintiffs assert that NFCS's motion to dismiss should be denied because of

the general rule that affirmative defenses, such as the running of a statute of

limitations, may not be resolved in a motion to dismiss.  ECF No. 86 at 4-5.

However, an affirmative defense may be raised in a motion to dismiss if the

defense implicates no disputed issues of fact.  *Scott v. Kuhlmann*, 746 F.2d 1377,

1378 (9th Cir. 1984) (per curiam).  Here, construing Plaintiffs' allegations in their

favor, Plaintiffs' claim against NFCS that is subject to the longest statute of

limitations became time-barred on February 28, 2014.  The statutes of limitations

that apply to Plaintiffs' other claims against NFCS ran much earlier.  There are no

relevant facts that the parties dispute.

Plaintiffs allege that even if NFCS may raise the statute of limitations

argument in its motion to dismiss, the affirmative defense should fail.  Plaintiffs

contend "that NFCS engages, and continues to engage, from 1998 to the present

time, in discriminatory practices intended and directed towards Hispanic-American

farmers operating within Eastern Washington."  *See* ECF Nos. 74 at 16; 86 at 6.

Plaintiffs argue that they are no less injured today than they were when their loan

application was denied "because they know if they applied for credit it would be

declined as a result of NFCS' ongoing practices."  ECF No. 86 at 7.

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO
DISMISS ~ 7

Plaintiffs' assertion that NFCS discriminates against Hispanic-American farmers in general does not salvage their claims.  Plaintiffs rely on *Havens Realty Corp. v. Coleman*, which concerns an alleged continuing violation of the Fair Housing Act.  455 U.S. 363, 380 (1982).  All of the incidents of alleged misconduct against one plaintiff in *Havens Realty* were time-barred, but another plaintiff alleged that a Fair Housing Act violation occurred within the 180-day time limit.  *Id.* at 380.  The Court held "that where a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely when it is filed within 180 days of the last asserted occurrence of that practice."  *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982) (footnote omitted).  In other words, "because [one] incident fell within the limitations period, none of the claims was barred."  *See id.* at 380.

Unlike in *Havens Realty*, Plaintiffs allege only one specific incident of discrimination, which occurred beyond all statutes of limitations that apply to their claims.  Plaintiffs cannot rely on the general allegation that NFCS continues to discriminate against farmers, who are not parties to this action, in order to revive its time-barred claims.

Furthermore, to the extent that Plaintiffs presume that future loan applications would be denied for discriminatory reasons because of the denial of their first application, they assert merely a speculative continuing effect of the

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO DISMISS ~ 8

initial violation.  A continuing impact of a past incident is not actionable, so

Plaintiffs may not rely on their assumption of NFCS's persistent misconduct to

circumvent the statute of limitations.  *See Grimes v. City & Cnty. of San Francisco*,

951 F.2d 236, 238-39 (9th Cir. 1991) (distinguishing continuing impact from

continuing violation).

The Court finds that it would be futile to grant Plaintiffs leave to amend their

complaint again as to NFCS and therefore dismisses with prejudice the claims

against NFCS.

Accordingly, **IT IS HEREBY ORDERED**:

1. Northwest Farm Credit Services' Motion to Dismiss, **ECF No. 75**, is

**GRANTED**.

2. Northwest Farm Credit Services is **DISMISSED WITH**

**PREJUDICE** and without fees to either party.

The District Court Clerk is directed to enter this Order, provide copies to

counsel, and **terminate Northwest Farm Credit Services as a defendant in this**

**matter**.

**DATED** this 20th day of May 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING NORTHWEST FARM CREDIT SERVICES' MOTION TO
DISMISS ~ 9